IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 06-509 (JJF) |
| ) | |
| QUALCOMM INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS NOKIA CORPORATION AND NOKIA INC.'S
MOTION TO STAY BRIEFING ON QUALCOMM INCORPORATED'S
<u>MOTION TO TRANSFER PENDING RESOLUTION OF THE MOTION TO REMAND</u>**

Plaintiffs Nokia Corporation and Nokia Inc. (together, "Nokia") hereby move for entry of an order staying briefing on Qualcomm Incorporated's ("Qualcomm") Motion to Transfer pending resolution of Nokia's Motion to Remand. In support of its Motion to Stay, Nokia states as follows:

## INTRODUCTION

On August 8, 2006, Nokia commenced the present action in the Delaware Court of Chancery and contemporaneously moved the Chancery Court to expedite the proceedings. On August 16, Qualcomm filed a Notice of Removal. That day, Qualcomm also filed in this Court a Motion to Transfer and a sixteen-page Opening Brief setting forth its positions on venue and jurisdiction. Under the Local Rules, Nokia's answering brief is due on August 30, 2006.

Nokia immediately moved this Court for an order remanding the case to Chancery Court and filed its Opening Brief in support of the remand motion. Concurrently with its Motion to Remand, Nokia filed a Motion to Expedite, which was opposed by Qualcomm. This Court granted Nokia's Motion to Expedite later that day. That evening, after the close of business, Qualcomm filed a Motion to Consolidate Briefing and Hearing Schedules with respect to Nokia's Motion to Remand and Qualcomm's Motion to Transfer. Nokia opposed the Motion to

Consolidate on the basis that this Court should determine whether it has subject matter jurisdiction before considering the transfer motion. On August 21, 2006, this Court denied Qualcomm's Motion to Consolidate.

## ARGUMENT

In denying Qualcomm's Motion to Consolidate, this Court held that "the Court agrees with Plaintiffs that a decision on transfer should follow a decision on whether the Court has subject matter jurisdiction over the claims asserted by Plaintiffs." (D.I. 13). In light of the Court's holding, Nokia suggests that judicial economy would be served by a limited stay of briefing on Qualcomm's Motion to Transfer until the Court resolves Nokia's Motion to Remand. Otherwise, Nokia will be compelled to expend resources briefing an issue that could very well be moot.

Qualcomm will suffer no prejudice as a result of the limited duration stay. First, Qualcomm has represented to Vice Chancellor Strine that there is no need for expedited treatment of this action. (D.I. 11 at 2). Second, the Motion to Transfer seeks to have this case transferred to the Southern District of California (the "San Diego action") for consolidation with another action that has been stayed since March 14, 2006. As recently as August 15, 2006, the judge presiding over the San Diego action refused to lift the stay and acknowledged the efficiency benefits of proceeding in the Delaware Court of Chancery. Finally, Nokia will agree to file its answering brief within three business days of an order denying Nokia's Motion to Remand. If the Motion to Remand is granted, there will be no need for Nokia to file an answering brief because 28 U.S.C. §1404(a) has no application in the Court of Chancery.

WHEREFORE, Nokia respectfully requests that the Court enter an order staying briefing on Qualcomm's Motion to Transfer pending resolution of Nokia's Motion to Remand.

- 3 -

OF COUNSEL:

A. William Urquhart
Frederick A. Lorig
Patrick M. Shields
Erica Taggart
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street
Los Angeles, CA 90017
(213) 443-3000

Richard I. Werder, Jr.
Sanford I. Weisburst
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Dated: August 28, 2006

/s/ 

Thomas A. Beck (#2086)
beck@rlf.com
Lisa A. Schmidt (#3019)
schmidt@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19899
(302) 651-7700

Attorneys for Plaintiffs Nokia Corporation and Nokia Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and by hand delivery to the following:

> Matthew E. Fischer, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> P.O. Box 951
> Wilmington, Delaware 19899

                                                Steven J. Fineman (#4025)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOKIA CORPORATION and NOKIA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| QUALCOMM INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

WHEREAS, Plaintiffs Nokia Corporation and Nokia Inc. ("Plaintiffs") having moved this Court for an order staying briefing on Qualcomm Incorporated's Motion to Transfer pending resolution of the Motion to Remand ("Motion");

WHEREAS, the Court having considered the briefs and arguments in support of and in opposition to the Motion, and good cause having been shown for the relief sought in the Motion;

IT IS HEREBY ORDERED this _____ day of _____, 2006 that Plaintiffs' Motion is GRANTED.

_____
United States District Judge

RLF1-3052668-1

CERTIFICATION PURSUANT TO
DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Counsel for Plaintiffs has conferred with counsel for Defendant pursuant to District of Delaware Local Rule 7.1.1 and Defendant declined to consent to the relief sought in the attached motion.

_____
Steven J. Fineman (#4025)

RLF1-3049405-1