IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOKIA CORP. and NOKIA, INC.,      :
                                  :
            Plaintiffs,           :
                                  :
      v.                          :  Civil Action No. 06-509-JJF
                                  :
QUALCOMM, INC.                    :
                                  :
            Defendant.            :

---

A. William Urquhart, Esquire; Frederick Lorig, Esquire; Patrick
Shields, Esquire; and Erica Taggart, Esquire of QUINN EMANUEL
URQUHART OLIVER & HEDGES, L.L.P., Los Angeles, California.
Richard I. Werder, Jr., Esquire and Sanford I. Weisburst, Esquire
of QUINN EMANUEL URQUHART OLIVER & HEDGES, L.L.P., New York, New
York.
Thomas A. Beck, Esquire; Lisa A. Schmidt, Esquire; Jeffrey L.
Moyer, Esquire and Steven J. Fineman, Esquire of RICHARDS, LAYTON
& FINGER, P.A., Wilmington, Delaware.

Attorneys for Plaintiffs.

Evan R. Chesler, Esquire and Richard J. Stark, Esquire of
CRAVATH, SWAINE & MOORE, L.L.P., New York, New York.
Richard L. Horwitz, Esquire; Mathew E. Fischer, Esquire and
Kenneth L. Dorsney, Esquire of POTTER ANDERSON & CORROON, L.L.P.,
Wilmington, Delaware.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

August 29, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Plaintiff's Motion to Remand (D.I. 5). For the reasons discussed, the Court will grant Plaintiff's Motion to Remand.

## I.   BACKGROUND

Plaintiff Nokia filed suit in the Court of Chancery of the State of Delaware seeking declaratory relief and specific performance to enforce terms of alleged contracts existing between it and Defendant Qualcomm. (See D.I. 6, Ex. B). The contractual agreements at issue relate to the standard-setting procedures of the European Telecommunications Standardization Institute ("ETSI") regarding the licensing of essential patents. Defendant filed a Notice of Removal contending that patent law is a necessary element of Plaintiff's claims. (D.I. 1).

## II.   DISCUSSION

The issue presented by the parties is whether Plaintiff's claim "arises under" federal patent law pursuant to 28 U.S.C. § 1338(a) such that this Court may exercise its jurisdiction.  A claim arises under patent law when plaintiff's well-pleaded complaint establishes a cause of action based on patent law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988).  However, even if the complaint establishes no patent law claim on its face, federal jurisdiction is proper where "the plaintiff's right to relief necessarily depends on resolution of

1

a substantial question of patent law, in that patent law is a necessary element of one of the well-pleaded claims." Id.

Because Plaintiff's complaint cites no claims of patent infringement, invalidity, or unenforceability on its face, the predominate issue is whether patent law is a necessary element of Plaintiff's claims. Plaintiff's complaint is based on an alleged breach of contractual agreements surrounding Defendant's licensing of essential patents. However, a clever plaintiff cannot avoid federal jurisdiction simply by failing to plead patent law issues. Id. at n.3. Thus, it is necessary to determine whether resolution of Plaintiff's claims depends on a "substantial question of patent law."

In U.S. Valves, Inc. v. Dray, 212 F.3d 1368, 1372 (Fed. Cir. 2000), the Federal Circuit found a "substantial question of patent law" where it was necessary for the court to interpret patents and determine whether infringement occurred. In U.S. Valves, plaintiff alleged that defendant sold valves which infringed its patents in violation of a license agreement. Id. Thus, interpretation of the patents was integral to resolution of the suit. Id. Similarly, in Highland Supply Co. v. Klerk's Flexible Packaging, B.V., a case cited by Defendant, the court found patent law was necessary to resolve a breach of contract claim where plaintiffs had to prove the products in question were covered by its patent. No. 05-482, 2005 WL 3534211, at *4 (S.D.

Ill. Dec. 21, 2005). In addition, the court had to conduct a "fact-intensive and technical inquiry" to determine whether the patent was, in fact, infringed. Id.

In contrast, the present case involves interpretation of the terms of the licensing agreement between Plaintiff and Defendant which arises from Defendant's use of the ETSI procedures to declare certain patents "essential." It is not necessary, as Defendant contends, to determine whether the patents at issue are in fact "essential" because Defendant has already voluntarily declared them essential. Rather, Plaintiff merely seeks an interpretation of Defendant's obligations arising after declaring certain patents essential.

The ETSI IPR Database states that declared patents include "an undertaking from the owner to grant licenses." (D.I. 14, Ex. 6). These licenses are to be granted to ETSI members on terms that are fair, reasonable, and non-discriminatory ("FRAND terms"). (D.I. 6, p.3). For Defendant to now contend Plaintiff's claims cannot be resolved without determining whether the patents at issue are essential seems incongruent with Defendant's own declarations to the ETSI. Although the ETSI IPR Database includes a disclaimer that it "cannot confirm, or deny, that the patents/patent applications [contained therein], are, in fact, essential, or potentially essential," (D.I. 14, Ex. 6), such a determination is not necessary to the interpretation of

3

the parties' contractual obligations for declared-essential
patents.  See United Techs. Corp. v. Chrome Alloy Gas Turbine
Corp., 105 F.Supp.2d 346, 358 (D. Del. 2000) (finding no question
of patent law where interpretation of patents was not necessary
to determine breach of the licensing agreement).

In sum, Plaintiff seeks a determination by the Court of
Chancery of the terms of the contractual agreements undertaken by
Defendant as a result of declaring certain patents essential.  In
addition, Plaintiff seeks declaratory relief and specific
performance to enforce those obligations.  In the Court's view,
resolution of this claim depends on interpretation of the terms
of the licensing agreement, rather than interpretation of the
patents.  Accordingly, the Court concludes that there is no
substantial question of patent law warranting federal
jurisdiction, and therefore, Plaintiff's Motion to Remand will be
granted.

## III. CONCLUSION

For the reasons discussed, the Court will grant Plaintiff's
Motion to Remand (D.I. 5).

An appropriate Order will be entered.