IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOKIA CORP. and NOKIA, INC.,          :
                                      :
            Plaintiffs,               :
                                      :
      v.                              : Civil Action No. 06-509-JJF
                                      :
QUALCOMM, INC.                        :
                                      :
            Defendant.                :

---

A. William Urquhart, Esquire; Frederick Lorig, Esquire; Patrick Shields, Esquire; and Erica Taggart, Esquire of QUINN EMANUEL URQUHART OLIVER & HEDGES, L.L.P., Los Angeles, California.
Richard I. Werder, Jr., Esquire and Sanford I. Weisburst, Esquire of QUINN EMANUEL URQUHART OLIVER & HEDGES, L.L.P., New York, New York.
Thomas A. Beck, Esquire; Lisa A. Schmidt, Esquire; Jeffrey L. Moyer, Esquire and Steven J. Fineman, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Plaintiffs.

Evan R. Chesler, Esquire and Richard J. Stark, Esquire of CRAVATH, SWAINE & MOORE, L.L.P., New York, New York.
Richard L. Horwitz, Esquire; Mathew E. Fischer, Esquire and Kenneth L. Dorsney, Esquire of POTTER ANDERSON & CORROON, L.L.P., Wilmington, Delaware.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

August 29, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Plaintiff's Motion to Remand (D.I. 5). For the reasons discussed, the Court will grant Plaintiff's Motion to Remand.

## I.   BACKGROUND

Plaintiff Nokia filed suit in the Court of Chancery of the State of Delaware seeking declaratory relief and specific performance to enforce terms of alleged contracts existing between it and Defendant Qualcomm. (See D.I. 6, Ex. B). The contractual agreements at issue relate to the standard-setting procedures of the European Telecommunications Standardization Institute ("ETSI") regarding the licensing of essential patents. Defendant filed a Notice of Removal contending that patent law is a necessary element of Plaintiff's claims.  (D.I. 1).

## II.   DISCUSSION

The issue presented by the parties is whether Plaintiff's claim "arises under" federal patent law pursuant to 28 U.S.C. § 1338(a) such that this Court may exercise its jurisdiction.  A claim arises under patent law when plaintiff's well-pleaded complaint establishes a cause of action based on patent law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988).  However, even if the complaint establishes no patent law claim on its face, federal jurisdiction is proper where "the plaintiff's right to relief necessarily depends on resolution of

1

a substantial question of patent law, in that patent law is a
necessary element of one of the well-pleaded claims." Id.

Because Plaintiff's complaint cites no claims of patent
infringement, invalidity, or unenforceability on its face, the
predominate issue is whether patent law is a necessary element of
Plaintiff's claims. Plaintiff's complaint is based on an alleged
breach of contractual agreements surrounding Defendant's
licensing of essential patents. However, a clever plaintiff
cannot avoid federal jurisdiction simply by failing to plead
patent law issues. Id. at n.3. Thus, it is necessary to
determine whether resolution of Plaintiff's claims depends on a
"substantial question of patent law."

In U.S. Valves, Inc. v. Dray, 212 F.3d 1368, 1372 (Fed. Cir.
2000), the Federal Circuit found a "substantial question of
patent law" where it was necessary for the court to interpret
patents and determine whether infringement occurred. In U.S.
Valves, plaintiff alleged that defendant sold valves which
infringed its patents in violation of a license agreement. Id.
Thus, interpretation of the patents was integral to resolution of
the suit. Id. Similarly, in Highland Supply Co. v. Klerk's
Flexible Packaging, B.V., a case cited by Defendant, the court
found patent law was necessary to resolve a breach of contract
claim where plaintiffs had to prove the products in question were
covered by its patent. No. 05-482, 2005 WL 3534211, at *4 (S.D.

2

Ill. Dec. 21, 2005). In addition, the court had to conduct a
"fact-intensive and technical inquiry" to determine whether the
patent was, in fact, infringed. Id.

In contrast, the present case involves interpretation of the
terms of the licensing agreement between Plaintiff and Defendant
which arises from Defendant's use of the ETSI procedures to
declare certain patents "essential." It is not necessary, as
Defendant contends, to determine whether the patents at issue are
in fact "essential" because Defendant has already voluntarily
declared them essential. Rather, Plaintiff merely seeks an
interpretation of Defendant's obligations arising after declaring
certain patents essential.

The ETSI IPR Database states that declared patents include
"an undertaking from the owner to grant licenses." (D.I. 14, Ex.
6). These licenses are to be granted to ETSI members on terms
that are fair, reasonable, and non-discriminatory ("FRAND
terms"). (D.I. 6, p.3). For Defendant to now contend
Plaintiff's claims cannot be resolved without determining whether
the patents at issue are essential seems incongruent with
Defendant's own declarations to the ETSI. Although the ETSI IPR
Database includes a disclaimer that it "cannot confirm, or deny,
that the patents/patent applications [contained therein], are, in
fact, essential, or potentially essential," (D.I. 14, Ex. 6),
such a determination is not necessary to the interpretation of

3

the parties' contractual obligations for declared-essential patents. See United Techs. Corp. v. Chrome Alloy Gas Turbine Corp., 105 F.Supp.2d 346, 358 (D. Del. 2000) (finding no question of patent law where interpretation of patents was not necessary to determine breach of the licensing agreement).

In sum, Plaintiff seeks a determination by the Court of Chancery of the terms of the contractual agreements undertaken by Defendant as a result of declaring certain patents essential. In addition, Plaintiff seeks declaratory relief and specific performance to enforce those obligations. In the Court's view, resolution of this claim depends on interpretation of the terms of the licensing agreement, rather than interpretation of the patents. Accordingly, the Court concludes that there is no substantial question of patent law warranting federal jurisdiction, and therefore, Plaintiff's Motion to Remand will be granted.

## III. CONCLUSION

For the reasons discussed, the Court will grant Plaintiff's Motion to Remand (D.I. 5).

An appropriate Order will be entered.

4